IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| JEREMY MOHICA, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. |
| v. | § § | 1:17-CV-710 |
| PELONS/508 – AUSTIN LLC d/b/a PELON'S TEX-MEX RESTAURANT | § § § § | |
| Defendant. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

Plaintiff Jeremy Mohica ("Named Plaintiff" or "Mohica") on behalf of himself and all others similarly situated ("Class Members") (Named Plaintiff and Class Members are collectively referred as "Plaintiffs") brings this Fair Labor Standards Act ("FLSA") suit against the above-named Defendant under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended.

### I. NATURE OF SUIT

1. The FLSA was passed by Congress in 1938 in an attempt to eliminate low wages and long hours and to correct conditions that were detrimental to the health and well-being of workers. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). To achieve its humanitarian goals, the FLSA requires employers pay employees a minimum wage of at least $7.25 per hour. 29 U.S.C. § 206(a). For tipped employees, employers may take a "tip credit" of up to $5.12 per hour of the employee's tips toward their minimum wage obligations. 29 U.S.C. § 203(m). Employers may also require that employees pool their tips with their co-workers but cannot require tip pooling with employees who do not customarily and regularly receive more than $30 per month in tips. 29 C.F.R. §531.56.

If an employer violates the FLSA's very specific tip pooling rules, it loses its right to avail itself of the tip credit. 29 U.S.C. §203(m).

2. Defendant violated the FLSA by requiring Mohica and his fellow servers to share their tips with a back of the house dishwasher starting on or about March, 2015 until on or about February 2017. Because there are other putative plaintiffs who are similarly situated to the Named Plaintiff with regard to the work performed and the Defendant's compensation policies, Named Plaintiff brings this action as a collective action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

3. Named Plaintiff Jeremy Mohica is an individual who resides in Travis County, Texas. At all relevant times, Mohica was an "employee" of Defendant as defined by the FLSA. At all relevant times, Defendant was Mohica's "employer" as defined by the FLSA. Named Plaintiff Jeremy Mohica has consented to be a party-plaintiff to this action, as indicated in his consent form, which is attached hereto as "Exhibit A."

4. Plaintiffs are Defendant's current and former servers who worked as such for Defendant and were forced to share their tips with one or more employees who did not customarily and regularly receive tips.

5. Pelons/508 – Austin LLC is a Texas limited liability company that is currently authorized to do business in Texas, and that is doing business in Texas. It operates under the assumed name of Pelon's Tex-Mex Restaurant. Its principal office is in Austin, Texas. Its registered agent for service of process is Doug Guller, 1201 Tinnin Ford Road, Suite 40, Austin, Texas 78741.

## III. JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction in this matter because Named Plaintiff asserts claims arising under federal law. Specifically, Named Plaintiff asserts claims arising under the Fair Labor

Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. Therefore, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331. This Court also has personal jurisdiction over all parties to this action.

7. Venue is proper in the Austin Division of the United States District Court for the Western District of Texas. Named Plaintiff was an employee of Defendant and performed work for Defendant in Austin, Texas. The acts or omissions giving rise to this action occurred in this district and division. In addition, Defendant continues to do business in Austin, Texas. Inasmuch as Defendant is subject to this Court's personal jurisdiction for purposes of this civil action, Defendant resides in this district and division. Venue in this Court is therefore proper under 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

8. At all relevant times, Defendant has acted, directly or indirectly, in the interest of an employer with respect to Named Plaintiff and the Class Members.

9. At all times hereinafter mentioned, Defendant has been an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

10. At all times hereinafter mentioned, Defendant has been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

11. At all times hereinafter mentioned Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendant is an enterprise and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times hereinafter mentioned, Named Plaintiff and Class Members were individual "employees" (as defined in Section 3(e)(1) of the FLSA, 29 U.S.C. § 203(e)(1)) who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §207 and whom Defendant at all relevant times "employ[ed]" within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g). In addition, at all times hereinafter mentioned, Named Plaintiff and Class Members were "tipped employee[s]" as defined at 29 U.S.C. §203(t).

## V.  FACTUAL ALLEGATIONS

13. Defendant Pelons/508 – Austin LLC ("Pelons") operates a restaurant in Austin, Texas called Pelon's Tex-Mex Restaurant at 802 Red River Street in Austin, Texas.

14. Mohica worked as a server and bartender for Pelons from approximately March, 2016 until May, 2017. Mohica customarily and regularly received at least $30 per week in tips and was, at all relevant times, a tipped employee.

15. Accordingly, Pelons availed itself of the tip credit. Specifically, Pelons purported to pay Mohica $2.13 per hour at all relevant times. Pelons then purported to apply at least a $5.12 per hour to Mohica's hourly wage.

16. Pelons also required that its servers, including Mohica, participate in a mandatory tip pooling arrangement whereby they contributed a fixed percentage of sales from their tips into a tip pool to be shared with other employees (the "Tip Pool").

17. On or about March, 2015, Pelons hired Randy Martinez as a dishwasher. From that point until on or about February, 2017, Mr. Martinez was regularly included the Tip Pool. During that same time, Defendant paid Mr. Martinez the full minimum wage, $7.25 per hour.

18. During the time that Mr. Martinez was included in the Tip Pool, he spent nearly all of his time performing dishwasher tasks. Mr. Martinez did not customarily and regularly receive tips.

Defendant did not avail itself of the tip credit for Mr. Martinez. Mr. Martinez was not a "tipped employee" under the FLSA.

19. Mr. Martinez continued to be included in the improper tip pool until in or around February, 2017.

## VI. COLLECTIVE ACTION ALLEGATIONS

20. Named Plaintiff and the Class Members have performed, and are performing, the same or similar job duties as one another in that they work or have worked as servers for Defendant. Further, Named Plaintiff and the Class Members were subjected to the same pay provisions in that they were all paid an hourly wage of $2.13; a Tip Credit of $5.12 per hour; and were all required to participate in the Tip Pool with Randy Martinez, an individual who predominantly performed dishwashing tasks and did not customarily and regularly work in a tipped occupation. Thus, the Class Members are owed the full minimum wage for the same reasons as Named Plaintiff, without regard to their individualized circumstances. The Class Members are also owed reimbursement of the Tip Credit shared with Mr. Martinez for the same reasons as Named Plaintiff, without regard to their individualized circumstances.

21. Defendant has a policy or practice of including one or more individuals who are not "tipped employees" in the Tip Pool and its failure to compensate the other members of the Tip Pool for their full minimum wage rate of $7.25 per hour required by the FLSA results from a policy or practice of forcing the Named Plaintiff and Class Members to share their tips with Randy Martinez. This policy or practice is and has been, at all relevant times, applicable to the Plaintiff and all Class Members. Application of this policy or practice does not depend on the personal circumstances of the Named Plaintiff or those joining this lawsuit. Rather, the same policy or practice that resulted in the non-payment of minimum wage compensation to Named Plaintiff also applied to all Class Members. Accordingly, the "Class Members" are properly defined as:

**All current and former individuals who worked as servers since March 2015, were compensated at $2.13 per hour, and were included in a tip pool with one or more non-tipped employees.**

## VII. CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

22. During the relevant period, Defendant has violated and is violating Section 6 of the FLSA, 29 U.S.C. §§ 206, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, paying them less than statutorily mandated minimum wage, and forcing them to share their tips with one or more individuals who does not customarily and regularly receive tips.

23. Plaintiffs are entitled to the full minimum wage for all hours worked in a week where they were forced to share tips with one or more individuals who were not tipped employees. Plaintiffs are also entitled to reimbursement of the portion of the Tip Pool that was illegally shared with any individuals who were not tipped employees.

24. Defendant has acted willfully in failing to pay Plaintiffs in accordance with applicable law.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Plaintiff prays for an expedited order certifying a class and directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendant as follows:

    a.    For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendant liable for unpaid back wages due to Named Plaintiff (and those who may join in the

suit) and for liquidated damages equal in amount to the unpaid compensation found due to Named Plaintiff (and those who may join the suit);

      b.      For an Order awarding Named Plaintiff (and those who may join in the suit) restitution for the portion of the Tip Pool that was illegally shared with Randy Martinez.

      c.      For an Order awarding Named Plaintiff (and those who may join in the suit) the taxable costs and allowable expenses of this action;

      d.      For an Order awarding Named Plaintiff (and those who may join in the suit) attorneys' fees; and

      e.      For an Order awarding Named Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

      f.      For an Order awarding Named Plaintiff declaratory and injunctive relief as necessary to prevent the Defendant's further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.*; and

      g.      For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully submitted,

MORELAND LAW FIRM, P.C.

By: */s/ Daniel A. Verrett*
Edmond S. Moreland, Jr.
State Bar No. 24002644
edmond@morelandlaw.com
Daniel A. Verrett
State Bar No. 24075220
daniel@morelandlaw.com
13590 Ranch Road 12
Wimberley, Texas 78676
Telephone: (512) 782-0567
Telecopier: (512) 782-0605

                KAPLAN LAW FIRM, PLLC

                Austin Kaplan
                State Bar No. 24072176
                akaplan@kaplanlawatx.com
                2525 Wallingwood Dr., Bldg. 14
                Austin, Texas 78746
                Telephone: (512) 553-9390
                Telecopier: (512) 692-2788
                www.kaplanlawatx.com

                **ATTORNEYS FOR PLAINTIFF**